WILLIAM STAINSBY AND CHARLES O. JESSUP *v.* FRAZER'S METALLIC LIFE BOAT CO.

One K., in anticipation of the organization by him of a Life Boat association, ordered materials for the construction of a boat, for which he promised to pay personally.   After its organization, the company exhibited the boat as an advertisement of its business, but did not acquire ownership by purchase, and K., who acted as the company's agent, subsequently sold the boat as his own property and kept the proceeds:   *Held*, in an action against the company, for the price of the materials, that the defendant having no existence when the debt was contracted, the subsequent use of the boat by it, and the promise of its agent did not amount to a ratification of K.'s acts, so as to make the company liable for the debt.

*Held further*, that the promise of K. as the company's agent, made after the organization, to pay the bill, was a promise to pay the debt of another without consideration, and was, therefore, within the statute of frauds, it not appearing that the promise had been made in consequence of the transfer of the boat to the defendants by K.

APPEAL by the defendants from a judgment entered on a verdict.   The action was for goods sold and delivered.   The facts sufficiently appear in the opinion of the court.

*E. More*, for appellants.

*Ward, Jones & Whitehead*, for respondents.

By the Court.—Brady, J.—Mr. Kingsland, in anticipation that he would be able to organize a Metallic Life Boat Association, ordered materials and labor to be furnished and performed by the plaintiffs. The first item on the plaintiff's account is December 17, 1866, and the last March 16, 1867. It does not appear from the evidence what persons would compose the association, or whether, at the time the first item accrued, Kingsland had any person in contemplation as one of the associates other than himself. The materials supplied were employed in building boats, which, it seems, were to be exhibited by the association when organized. The defendants were organized on the 30th March, 1867, which was after the plaintiffs' goods were delivered and their labor performed. The boats were placed in the office of the defendants and exhibited after their organization, and Kingsland, who was the agent and active man of the association, promised to pay the plaintiffs' bill. He does not appear to have promised on behalf of the defendants, or to have acted in reference to the bill upon any authority derived from them, except such as might be inferred from his character as agent. The defendants did not purchase the boats from Kingsland, and they were sold by him as his individual property, and the proceeds kept by him. There is nothing in the case, therefore, to charge the defendants, except the promise of Kingsland to pay the bill as already stated, connected with the fact that the boats were used by them in advertising their business. I think the judgment cannot be sustained on this evidence. If the association had been formed when the debt due the plaintiffs was contracted, although without authority from the defendants, the use of the boat and the promise to pay would amount to a ratification of Kingsland's acts, and create a liability. The defendants, however, had no legal existence at that time, and there was no association or company which represented them. They had necessarily no agent, having no existence, and one of the essential elements of a ratification does not exist

in this case, viz.: a principal when the act was done. It is impossible, therefore, to sustain the judgment on any supposed acceptance of the debt contracted by Kingsland, or assumption of it, by ratification. Neither can it be sustained upon the naked promise by Kingsland to pay, assuming that he had authority to make one, which was not proved. It is a promise to pay the debt of another made without consideration. If the evidence showed that in consequence of the transfer of the boats to the defendants by Kingsland, they had promised to pay the plaintiffs, the judgment could be maintained, for such a promise would not be within the statute of frauds (*Barker* v. *Bucklin*, 2 Denio, 45). Such proof was not given, however, and there is no other view in which the defendants could be held liable, disclosed by the testimony in the case or the nature of the transactions between the parties. The judgment should be reversed.

DALY, F. J.—I concur with Judge Brady that the evidence was not sufficiently certain to submit the question to the jury whether there was that subsequent ratification and adoption of Kingsland's act in ordering the material, on the part of the company, which would be equivalent to a previous permission or command, which is the test.

Judgment reversed.